UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CARNELL PEOPLES,

      Movant,

                                                                                                     File No. 1:09-CV-682

v.

                                                                                            HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
                                        /

# **O P I N I O N**

        This matter comes before the Court on Movant James Carnell Peoples's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. (Dkt. No. 1, Mot. to Vacate.) Movant has also filed the following motions: to proceed in forma pauperis, (Dkt. No. 2), for discovery, (Dkt. No. 6), to issue subpoenas, (Dkt. No. 7), to compel Counsel to respond to interrogatories, (Dkt. No. 8), to amend the original § 2255, (Dkt. No. 10), to receive status of the 60 day order to respond, (Dkt. No. 15), for extension of time to reply, (Dkt. No. 16), to receive notice of motion for discovery, (Dkt. No. 17), and for judicial notice. (Dkt. No. 20.) For the reasons that follow, his motion to amend will be denied, his § 2255 motion will be denied, and the remaining motions will be dismissed as moot.

**I.**

Movant was indicted on February 9, 2006, for knowingly possessing firearms in or affecting commerce in violation of 18 U.S.C. §§ 922(g)(1), 921(a), and 924(a)(2). (File No. 1:06-CR-0031, Dkt. No. 1, Indict.) Movant was convicted on June 6, 2006, (File No. 1:06-CR-0031, Dkt. No. 50, Jury Verdict), and was sentenced to 120 months imprisonment followed by three years supervised release. (File No. 1:06-CR-0031, Dkt. No. 81, Sent.) Movant's conviction was affirmed on appeal on August 25, 2008. *United States v. Mayberry*, 530 F.3d 506, 515 (6th Cir. 2008). Movant filed this § 2255 petition on July 24, 2009, asserting three claims: (1) ineffective assistance of counsel in the district court proceedings; (2) ineffective assistance of counsel in allowing the illegal arrest and illegally obtained evidence at trial; and (3) ineffective assistance of counsel on appeal for failing to raise three sentencing issues. (Dkt. No. 1.) Movant subsequently filed a motion to amend his original § 2255, as well as several other motions. (Dkt. Nos. 2, 6-8, 10, 15-17, 20.)

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the

guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either: 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28

3

U.S.C. § 2255. Section 2255 does not require a full blown evidentiary hearing in every instance. "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

**III.**

Movant seeks relief based on three distinct claims of ineffective assistance of counsel: (1) ineffective assistance of counsel in the district court proceedings; (2) ineffective assistance of counsel in allowing the illegal arrest and illegally obtained evidence at trial; and (3) ineffective assistance of counsel on appeal for failing to raise three sentencing issues. (Dkt. No. 1.) Movant also filed a motion to amend his original § 2255, which this Court will deny. (Dkt. No. 10.)

The motion to amend Movant's § 2255 motion was filed on October 7, 2009, (Dkt. No. 10), outside of the statute of limitations under section 2255(f). An amendment may be filed outside of that time limit if the amendment "relates back" to the "conduct, transaction, or occurrence" that forms the basis of the claim or claims in the original motion. Fed. R. Civ. P. 15(c); *See Mayle v. Felix*, 545 U.S. 644 (2005). Movant asserts that his motion to amend relates to the original motion because they are both ineffective assistance of counsel claims. (Dkt. No. 19.) However, the specific conduct that constitutes the alleged ineffective assistance of counsel in the amended motion is different that the basis for the claims in the original motion. Movant claims in the motion to amend that Counsel failed to remove Bowman as a witness in the proceedings, despite his being a "loose cannon." (Dkt. No. 10.) This is wholly unrelated to the previous claims regarding ineffective assistance of Counsel for failing to file pre-trial motions, not moving to suppress evidence, and in failing to raise issues on appeal. Movant's claim does not relate back because it does "arise from the same core facts as the timely filed claims, and . . . depend[s] upon events separate in 'both time and type' from the originally raised episodes." *Mayle*, 545 U.S. at 657 (2005). Movant's motion to amend his § 2255 motion will be denied. The original § 2255 motion was timely filed and the Court will address the original claims.

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced movant. *Strickland v. Washington*, 466 U.S. 668,

687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

Movant's first claim is that Counsel was ineffective during the district court proceedings by failing to file pre-trial motions or obtain clarification regarding the admissibility of evidence related to the armed robberies and failing to challenge the "undercharged indictment." (Dkt. No. 3.) Movant asserts that Counsel did not challenge the admissibility of the evidence under Fed. R. Evid. 404(b). Movant argues that Counsel should have sought an evidentiary hearing on the matter to determine the admissibility of the evidence, and that the evidence about the armed robberies should have been excluded because Movant was not charged with the armed robberies themselves. However, Movant states in his brief, and the court of appeals also noted, that background evidence is proper if it has a "causal, temporal or spatial connection with the charged offence." (Dkt. No. 3, at 5); *Mayberry,* 530 F.3d at 515. The general rule is that "the prosecution is entitled to prove its case by evidence of its own choice." *See Old Chief v. United States*, 519 U.S. 172, 186 (1997). The Court did address the evidence as it related to the armed robberies and found that it was admissible under Rule 404(b) because it tended to prove the charges contained in the indictment – that Movant was in possession of the guns. *Mayberry,* 530 F.3d at 514-15 (holding the evidence was properly admitted).

Movant asserts, alternatively, that the evidence was more prejudicial than probative and that the evidence should have been excluded under Rule 403. The Sixth Circuit has held, however, that evidence of a firearm used by a defendant five days before he was found in possession of a similar firearm was admissible because it "increase[d] the likelihood that the defendant knowingly possessed the similar firearm." *United States v. Chesney*, 86 F.3d 564, 572-73 (6th Cir. 1996). Likewise, evidence that the firearms were used by Movant to complete the alleged armed robberies increases the likelihood that Movant did possess the firearms. Therefore, the evidence was probative on the issue of whether Movant was in possession of the guns.

During the jury trial, Counsel addressed the use of the evidence of the armed robberies and the Court stated that it would provide a stronger jury instruction on the role that the evidence should play to prevent undue prejudice. (File No. 1:06-CR-00031, Dkt. No. 72, Tr. of Jury Trial, at 9) ("I'll strengthen it up to indicate that it has – that there is absolutely – that the question of who committed the robberies is of no concern to them at all."). The Court did provide this instruction. (File No. 1:06-CR-00031, Dkt. No. 74, Tr. of Jury Trial III, at 78-79.) Counsel's conduct was not deficient for failing to file any pre-trial motions to exclude the evidence because the evidence of Movant's participation in the robberies tended to prove that he was in possession of the weapons listed in the indictment and was not more prejudicial than probative. Any motion would have been frivolous because the evidence was determined to be admissible, both by the district court following the objection of counsel, and

the court of appeals on review of this case. *Mayberry*, 540 F.3d at 514. A lawyer does not perform deficiently or prejudice his or her client by failing to raise frivolous objections. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The court of appeals stated that even if the evidence of the robberies had been excluded, there was sufficient evidence to convict Movant. *Mayberry*, 540 F.3d at 515. Movant was not prejudiced by Counsel's failure to file pre-trial motions to exclude the evidence of the robberies because the objection would have been frivolous and, even if the evidence had been excluded, would not have affected the result of the proceeding.

Movant also asserted that Counsel was ineffective in the district court proceedings because he failed to challenge the "undercharged" offense. (Dkt. No. 1.) The Court used the term undercharged to address the fact that the government would be using evidence of a greater offense– the armed robberies – to prove that Movant had committed a lesser offense – possession of a firearm. There is no foundation in the law to challenge the validity of the charge based on the government's use of evidence implicating a greater offense. If Counsel had objected to the use of the evidence or the nature of the charge on the basis that the charge was an "undercharged" offense, it would have been frivolous. Movant was not prejudiced because a frivolous claim, if made, would not have altered the outcome. Therefore, because

8

Counsel was not unreasonable for failing to file objections regarding the "undercharged" indictment, and Movant was not prejudiced, Movant's first claim is denied.

Movant's second claim is that Counsel was ineffective for failing to file a motion to suppress the information obtained in the December 24, 2005, arrest and search. (Dkt. No. 1.) Movant asserts that the arrest was illegal, and therefore the evidence obtained during the search should be suppressed. (Dkt. No. 1.) Movant states that at the time of the arrest, he had not been found to have committed a crime, and yet he was not free to leave the scene. (Dkt. No. 1.) A warrantless arrest is legal when an officer has probable cause based on the totality of the circumstances to believe that the individual is committing or did commit a felony. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Probable cause requires "reasonable grounds for belief supported by less than prima facie proof but more than mere suspicion." *United States v. Padro*, 52 F.3d 120, 122-23 (6th Cir. 1995). Movant was stopped while riding in a vehicle that had been under surveillance. The information about Movant and the other passengers came from a confidential informant. *Mayberry*, 540 F.3d at 510. This led the police to observe suspicious activities which confirmed the information provided. *Id.* at 510-11; *See Gates*, 462 U.S. 213 (holding that the evidence collected via surveillance was sufficient to corroborate the information from an anonymous letter that provided information about the defendants).

The information provided by a confidential informant–including the intended targets for the armed robberies, the desire to use a rental car in the robbery, and the weapons in the

possession of Movant–were all corroborated by the surveillance. *Mayberry*, 540 F.3d at 510-11. By the time the police pulled over the car that Movant was riding in and located weapons and suspicious items in the vehicle, there is sufficient reason to believe that the police had probable cause to arrest Movant. *See Maryland v. Pringle*, 540 U.S. 366 (2003) (finding that when drugs were found in a vehicle, probable cause existed to arrest all three passengers). Because there was sufficient reason to believe that there was probable cause for arresting and searching Movant, Counsel was not unreasonable by failing to object to the admission of the evidence. Movant did not show that he was prejudiced by Counsel's failure to object because the objection would likely have been overruled. Therefore, Movant's second claim is denied.

Movant's third claim is that Counsel was ineffective for failing to raise three sentencing issues on appeal. (Dkt. No. 1.) The issues that Movant believes should have been raised are related to the sentencing enhancements under U.S.S.G. § 2K2.1(b)(1), (4), and (5). (Dkt. No. 3, Br.) The first enhancement that Movant claims should have been challenged on appeal was under § 2K2.1(b)(1), which permits a two-point enhancement if the number of firearms is between three and seven. U.S.S.G. § 2K2.1(b)(1). Movant incorrectly claims that the enhancement does not apply because the firearms involved should not be aggregated between the separate counts. Under U.S.S.G. § 3D1.2, the counts are aggregated for purposes of the sentencing guidelines and calculating the enhancements. U.S.S.G. § 3D1.2. Movant's Counsel at sentencing did raise this objection and was overruled by the Court.

(File No. 1:06-CR-31, Dkt. No. 93, Sent. Tr., 8, 9.) Any objection to the use of this enhancement, had it been made on appeal, would be frivolous and the failure of Counsel to object to its application was not prejudicial to Movant.

The second sentencing enhancement that Movant claims should have been addressed on appeal was under § 2K2.1(b)(4), which applies to a firearm that is stolen. Movant claims that the government did not prove that the gun he was charged with possessing was stolen and had not yet been recovered. The record suggests otherwise. At sentencing, the government provided evidence that the gun used to enhance the sentence, the Ruger .22 caliber pistol, was stolen and was not yet recovered. (File No. 1:06-CR-31, Dkt. No. 93, Sent. Tr., 10-16.) This Court determined that the evidence was sufficient. *Id.* Any objection to the application of this enhancement would have been frivolous, and, if it had been raised, would not have affected the outcome.

The third sentencing enhancement that Movant claims should have been contested on appeal was under § 2K2.1(b)(5), the four-point enhancement that applies to a gun possessed in connection with another felony. Counsel did raise this issue at sentencing, and the Court rejected the objection and found that the enhancement did apply. (File No. 1:06-CR-31, Dkt. No. 93, at 17-23.) The Court only needed to find by a preponderance of the evidence that Movant possessed the firearms in connection with the armed robberies, and the Court concluded that it had been shown. (File No. 1:060CR-31, Dkt. No. 93, at 23.) Failing to raise the issue on appeal did not prejudice Movant because any objection to the application

of this enhancement would not have been sustained. Movant's third claim of sentencing issues Counsel allegedly failed to raise on appeal would have been frivolous. Therefore, the third claim will be denied because the failure of Counsel to raise those issues was not unreasonable and did not prejudice Movant.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Date:  October 25, 2010          /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE